UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXA O'BRIEN,                          )
P.O. Box 7032                           )
Tacoma, WA 98417,                       )  Judge _____
                                        )  Civil Action No. _____
        PLAINTIFF                       )
    vs.                                 )
                                        )
                                        )
DEPARTMENT OF JUSTICE,                  )
950 Pennsylvania Ave., NW               )
Washington, DC 20530-0001               )
                                        )
        DEFENDANT                       )
                                        )
                                        )

# COMPLAINT

## THE PARTIES

1.    Plaintiff Alexa O'Brien is a national security investigative journalist. Her work has been published in *The Cairo Review of Global Affairs*, *Guardian UK*, *Salon*, and *The Daily Beast*, and she has been featured on BBC, PBS' *Frontline*, *On The Media*, and Public Radio International. For her "outstanding work" she was shortlisted for the 2013 Martha Gellhorn Prize for Journalism in the UK.

2.    Ms. O'Brien seeks access to certain public records to write a news report for distribution to the general public.

3.    Defendant, the Department of Justice, is an agency of the United States.

4.    The Department of Justice has possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

5. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

6. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

7. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

8. Paul Almanza served as the investigating officer in *United States v. Pfc. Bradley Manning* while he was a Department of Justice employee.

9. On August 21, 2013, Manning was convicted and sentenced to 35 years in prison on twenty offenses related to disclosing U.S. Army field reports and diplomatic cables to WikiLeaks, an online publisher of censored information.

10. According to a chronology that was entered into the court-record in *U.S. v. Pfc. Bradley Manning*, U.S. Army Chief Trial Judge Colonel Stephen Henley contacted U.S. Army reserve officer, Lt. Col. Almanza, in late July 2010 to inquire if he was available to serve as Manning's Investigating Officer. Around the same time, on July 28, 2010, the Department of Justice and the FBI officially partnered with the Departments of State and Defense in a joint criminal investigation of Manning and WikiLeaks. One week later, on August 4, 2010, Almanza was appointed to be the Investigating Officer in *U.S. v. Pfc. Bradley Manning*. According to Almanza, Mike Egen and Lt. Col. Mark Holzer served as his legal advisors.

11. While Lt. Col. Almanza was serving as the Investigating Officer in *United States v. Pfc. Bradley Manning* (August 4, 2010 to January 11, 2012), the Department of Justice had an ongoing criminal investigation into Manning, WikiLeaks, and Julian Assange.

12. On December 16, 2011, Almanza convened an Article 32 Investigation, a military form of a grand jury, in *United States v. Pfc. Bradley Manning*. At that proceeding, Almanza admitted that he corresponded with trial and defense counsel using his Department of Justice email account.

13. Recently released emails entered into the court record as part of speedy trial litigation in *United States v. Pfc. Bradley Manning*, evidence further that Almanza used his Department of Justice email throughout his term as Investigating Officer when corresponding with trial and defense counsel, and his legal advisors. On May 2, 2011, Almanza wrote to trial and defense counsel and his legal advisor, "My DOJ email thus remains the best way to reach me." In another email he responds to lead military prosecutor, Major Ashden Fein's question, "[A]re you able to sign and encrypt emails on your DOJ computer or using your DOD CAC card?" stating, "I have classified DOJ email (both at the Secret and TS-SCI levels) but cannot sign or anything on my DOJ system using my DOD CAC card."

14. During speedy trial litigation in November 2013, Almanza testified that he excluded two periods of delay for Manning's trial because he had to work for his civilian employer, the Department of Justice, and because his son had a swim meet.

15. On the first day of the Article 32 on December 16, 2011, Manning's defense filed a motion requesting that Almanza recuse himself, arguing he was not impartial because his civilian employer had an open criminal investigation into Manning and WikiLeaks. Almanza refused.

16.     On January 11, 2012, Almanza recommended to the Special Convening Authority, Col. Carl Coffman, commander of the U.S. Army Garrison, Joint Base Myer-Henderson Hall, that Pfc. Bradley Manning be referred to a general court martial on twenty-two charges, including aiding the enemy, a capital offense.

17.     On January 18, 2012, Col. Carl Coffman recommended to the General Convening Authority, Major Michael Linnington, commander of the Military District of Washington, that Pfc. Bradley Manning be referred to a general court martial on all twenty-two charges.

18.     On February 3, 2012, Linnington accepted Coffman's recommendation and referred all twenty-two charges against Manning to a general court martial.

19.     According to the former U.S. Attorney for the Eastern District of Virginia, Neil McBride, the Attorney General acknowledged an ongoing a criminal investigation into WikiLeaks on November 29, 2010.

20.     According to recently released emails from the court-martial of Pfc. Bradley Manning, a grand jury was empaneled as early as September 23, 2010.

21.     According to an US Army Criminal Investigation Command (CID) agent at Manning's Article 32, the FBI has investigated at least seven civilians involving the "founders, owners, or managers of WikiLeaks."

22.     On November 18, 2013, the Department of Justice confirmed that the investigation into WikiLeaks is ongoing.  While the US Attorney's Office for the Eastern District of Virginia empaneled the grand jury investigating WikiLeaks, the criminal investigation of WikiLeaks is under the auspices of the National Security Division of the Department of Justice.

23. Military prosecutors at Manning's court-martial acknowledged that they "collaborated with the federal prosecutors within the DOJ during the accused's investigation" and that the FBI "focused on investigating matters related to the accused."

24. Military prosecutors also acknowledged that the Department of Justice and the FBI were closely aligned with the Department of Defense's investigation and prosecution of Manning.

25. The presiding military judge, Col. Denise Lind ordered military prosecutors to produce portions of the FBI file and sealed grand jury material and testimony that related to Manning.

26. Recently released emails by trial counsel that were entered into the court record of *United States v. Pfc. Bradley Manning* evidence weekly meetings between military prosecutors, the Department of Justice, and the FBI.

27. Tracy Doherty-McCormick an attorney in the Criminal Division's Child Exploitation and Obscenity Section (CEOS), where Almanza worked at the Department of Justice, drafted an April 2011 and May 25, 2011 subpoena for the federal grand jury investigating WikiLeaks.

28. According to a letter accompanying the May 25, 2011 subpoena that was published in the press, the Department of Justice is investigating civilians for possible violations of federal criminal law involving, but not necessarily limited to espionage (18 U.S.C. § 793); conspiracy (18 U.S.C. § 371); and embezzling, stealing, purloining, or knowingly converting U.S. Government property (U.S.C. § 641).

29. McCormick is also party to litigation over an electronic communication order served to Twitter related to the WikiLeaks grand jury.

30. On the first day of the Article 32, on December 16, 2011, Almanza told Manning's defense that he had worked in CEOS, and advised trial attorneys in CEOS.

## PLAINTIFF'S FOIA REQUESTS

31. On April 2, 2013, Ms. O'Brien caused to be sent, via email, 18 separate FOIA requests to the Department of Justice seeking communications and records between Paul Almanza and various individuals between March 2010 and September 2012.

32. The Department of Justice assigned tracking numbers as follows:

| Tracking number | DOJ Component request submitted to: | Seeking records from: | Communications between Almanza and: |
|---|---|---|---|
| 13-117 | National Security Division | National Security Division | Stephen R. Henley |
| 13-118 | National Security Division | National Security Division | Any attorney, agent, or employee of the National Security Division |
| 13-120 | National Security Division | National Security Division | Mark Holzer |
| CRM-201300391F | Criminal Division | Criminal Division | Any attorney, agent, or employee of the Criminal Division |
| CRM-201300393F | Office of Information Policy | Office of Information Policy | Stephen R. Henley |
| CRM-201300394F | Office of Information Policy | Criminal Division | Mark Holzer |
| CRM-201300395F | Criminal Division | Criminal Division's Child Exploitation and Obscenity Section | Tracey Doherty-McCormick |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | Any attorney, agent, or employee of the Criminal Division |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | Any attorney, agent, or employee of the National Security Division |

| | | | |
|---|---|---|---|
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | Ashden Fein, Joseph Morrow, Angel Overgaard, Hunter Whyte, Alexander Von Elton, all military prosecutors of Bradley Manning |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | Carl Coffman |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of the Deputy Attorney General | Denise Lind |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | David Coombs, Matthew Kemkes, Paul Bouchard |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | Michael S. Linnington |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | Mark Holzer |
| OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy | Stephen R. Henley |
| DAG/13-03649 (F) | Office of Information Policy | Office of the Deputy Attorney General | Stephen R. Henley |
| DAG/13-03649 (F); OLP/13-03650 (F) | Office of Information Policy | Office of Legal Policy, Office of the Deputy Attorney General | Tracey Doherty-McCormick, any attorney, agent, or employee of the Criminal Division's Child Exploitation and Obscenity Section |

# THE DEPARTMENT OF JUSTICE'S FAILURE TO RESPOND TO PLAINTIFF'S FOIA REQUESTS

33. The Department of Justice's responses to Ms. O'Brien's FOIA requests were due twenty working days after the Department of Justice received them on April 2, 2013, which would have been April 30, 2013.

34. As of the filing of this Complaint, Ms. O'Brien has not received a response to any of her FOIA requests listed in the table in paragraph 32 with a determination as to whether the Department of Justice will comply with the request, except for OLP/13-03650, for which the Department of Justice determined that there were no responsive records.

35. Under 5 USC § 552(a)(6)(C)(i), Ms. O'Brien is deemed to have exhausted her administrative remedies with regard to all of her FOIA requests listed in paragraph 32, except for OLP/13-03650, because the Department of Justice has failed to comply with the statutory time limit.

## COUNT I:
## VIOLATION OF FOIA

36. This Count realleges and incorporates by reference all of the preceding paragraphs.

37. Each of the documents referred to in this Complaint is incorporated herein by reference.

38. Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA requests listed in the table in paragraph 32, with the exception of OLP/13-03650.

39. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA requests listed in the table in paragraph 32, with the exception of OLP/13-03650.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin Defendant from continuing to withhold the records responsive to Plaintiff's FOIA requests listed in the table in paragraph 32, with the exception of OLP/13-03650, and otherwise order Defendant to produce the requested records without further delay;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiff such other and further relief which the Court deems proper.

                                      Respectfully Submitted,

                                      __/s/ Jeffrey Light_____

                                      Jeffrey L. Light
                                      D.C. Bar #485360
                                      1712 Eye St., NW
                                      Suite 915
                                      Washington, DC 20006
                                      (202)277-6213
                                      Jeffrey.Light@yahoo.com

                                      *Counsel for Plaintiff*